IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01075-JDB-jay |
| | ) | |
| JULIAN WISER, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DIRECTING RESPONDENT TO FILE RELEVANT PORTIONS OF STATE COURT RECORD AND LIMITED RESPONSE TO PETITIONER'S WRIT OF HABEAS CORPUS & MOTION FOR PRELIMINARY INJUNCTION, DENYING DUPLICATE MOTIONS AS UNNECESSARY, AND DENYING OTHER PENDING MOTIONS AS PREMATURE

On May 3, 2023, Petitioner, Nathan Smith, filed a *pro se* Writ of Habeas Corpus & Motion for Preliminary Injunction.[1]  (Docket Entry ("D.E.") 1.)  He filed an Emergency Motion for Temporary Restraining Order (D.E. 7) on June 6, 2023, a Motion to Transfer Case Exhibits (D.E. 10) on July 20, 2023, and a Motion Requesting Leave to Serve Process (D.E. 15) on September 11, 2023.

Smith's *pro se* Writ of Habeas Corpus & Motion for Preliminary Injunction is before the Court on preliminary review.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner claims in his *pro se* Writ that he is being unlawfully detained by Respondent, Sheriff Julian Wiser, at the Madison County Jail in Jackson, Tennessee.  (D.E. 1 at PageID 1.)  According to Smith, after his release from the Bledsoe County Correctional Complex in Pikeville,

---

[1] Petitioner filed duplicates of his *pro se* Writ of Habeas Corpus & Motion for Preliminary Injunction on May 3, 2023, and on May 8, 2023.  (D.E. 3 & 4.)

Tennessee, he was "immediately arrested" on a fugitive from justice warrant out of Greene County, Missouri. (*Id*.) He claims, however, that the fugitive from justice warrant was dismissed on April 14, 2023, and a judge in Bledsoe County ordered his release. (*Id*. at PageID 1; D.E. 1-2 at PageID 5.)

Instead of being released, Smith alleges that he was taken to the Madison County Jail based on "a $250,000 fugitive warrant in Madison County." (D.E. 1 at PageID 1.) He further contends that he has yet to be seen by a judge and has not been scheduled for arraignment or any other hearing. (*Id*. at PageID 2.) Petitioner states that he has a fugitive warrant in Missouri and is awaiting extradition to that state. (*Id*. at PageID 1.)

On June 22, 2023, Smith filed a Notice of Change of Address. (D.E. 8 at PageID 24.) He included in his notice that he was "transferred illegally" from the Tennessee jail to the Missouri jail. (*Id*. at PageID 23.) Additionally, in a letter filed on July 17, 2023, Petitioner stated that he was extradited to Missouri from Tennessee to face charges for burglary and stealing. (D.E. 9.)

Smith's Motion Requesting Leave to Serve Process, which is his most recent filing, includes a letter with a return address indicating that he remains in custody at the Missouri jail. (D.E. 15-1.) Thus, it appears that Petitioner is not physically present within the Western District of Tennessee, Eastern Division.

Before a fugitive in custody is extradited to the demanding state, he has the right to challenge the authority of the asylum state by seeking a federal writ of habeas corpus. *Gee v. Kansas*, 912 F.2d 414, 416 (10th Cir. 1990) (citing *Roberts v. Reilly*, 116 U.S. 80, 94 (1885)). "Once the prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising from conduct in the asylum state."

*Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir. 1980) (citing *Mahon v. Justice*, 127 U.S. 700, 706–08 (1888)).  Because Petitioner has been extradited to Missouri, he cannot seek habeas relief based on his pre-extradition confinement at the Tennessee jail.  *See Brown*, 619 F.2d at 763.

Moreover, even if Smith could seek habeas relief based on pre-extradition events that occurred in Tennessee, a district court cannot adjudicate a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner.  *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 495 (1973).  His latest filing indicates that he is no longer in custody in this district, and thus, the Court has no jurisdiction over Petitioner's custodian at the Missouri jail, where he is apparently confined.  *See id.*

In addition to habeas relief, Smith seeks a preliminary injunction to stop the Madison County Sheriff from illegally detaining him. (D.E. 1 at PageID 2.)  Because Petitioner is no longer in the Madison County Sheriff's custody, however, Petitioner's claims on this issue are moot, and there is no injunctive relief that the Court can grant.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'"  *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing U.S. Const., art. III, § 2).  This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there."  *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011).  A case or controversy, at a minimum, requires that "the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

3

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Id*. Once the prisoner's sentence has expired, however, he must make an affirmative showing that he is suffering some actual "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot. *Spencer*, 523 U.S. at 7; *Demis v. Sniezek*, 558 F.3d 508, 512–13 (6th Cir. 2009).

Respondent is therefore ORDERED to file a limited response to the *pro se* Writ of Habeas Corpus & Motion for Preliminary Injunction. (D.E. 1.) The response shall address whether Petitioner's pleading should be dismissed given that his most recent filing (D.E. 15-1) indicates that he is no longer in custody in Tennessee. Respondent shall also provide relevant documentation about Smith's incarceration at the Madison County Jail and his release from custody. The response and documentation are due no later than 28 days from the entry of this Order.

Petitioner may, if he chooses, submit a reply to the response within 28 days of service. He may request an extension of time to reply by filing a motion on or before the due date of his reply.

Petitioner's duplicate motions (D.E. 3 & 4) are DENIED as unnecessary. All other pending motions (D.E. 7, 10, & 15) are DENIED as premature.

IT IS SO ORDERED this 14th day of November 2023.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE