IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01075-JDB-jay |
| | ) | |
| JULIAN WISER, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DIRECTING CLERK TO MODIFY DOCKET, GRANTING
RESPONDENT'S MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL IS NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL

On May 3, 2023, Petitioner, Nathan Smith, filed a *pro se* Writ of Habeas Corpus & Motion for Preliminary Injunction. (Docket Entry ("D.E.") 1.) Petitioner claimed that he was being unlawfully detained at the Madison County Jail in Jackson, Tennessee. (*Id*. at PageID 1.) On June 22, 2023, Smith filed a Notice of Change of Address. (D.E. 8 at PageID 24.) He stated in his notice that he had been "transferred illegally" from the Madison County Jail to the Greene County Jail in Springfield, Missouri. (*Id*. at PageID 23.)

Because it appeared that Petitioner was not physically present within the Western District of Tennessee, Eastern Division, the Court ordered Respondent to file a limited response addressing whether the *pro se* Writ of Habeas Corpus & Motion for Preliminary Injunction should be dismissed on jurisdictional grounds. (D.E. 16 at PageID 61.) On December 12, 2023, Respondent filed a motion to dismiss along with relevant portions of the state court record supporting

Petitioner's extradition to Missouri.[1]  (D.E. 18 & 19.)  For the reasons that follow, Respondent's motion to dismiss is GRANTED and Petitioner's *pro se* Writ of Habeas Corpus & Motion for Preliminary Injunction is DISMISSED.

BACKGROUND

On April 13, 2022, Smith was arrested in Madison County, Tennessee, and charged with two counts of vandalism and one count of burglary.  (D.E. 18-2 at PageID 132.)  Two days before Petitioner's arrest, the police in Jackson, Tennessee, responded to a stolen vehicle report and recovered a car allegedly stolen from Springfield, Missouri.  (D.E. 18-3 at PageID 183-84.)  The stolen car was linked to Petitioner and a series of crimes he had committed in—and was a fugitive from—Springfield, Missouri.  (*See id.* at PageID 162-87.)

A Madison County grand jury later indicted Petitioner on the two counts of vandalism and one count of burglary.  (D.E. 18-1 at PageID 94-97.)  On December 6, 2022, he was brought before a Madison County General Sessions Court on an extradition request from Missouri.  (D.E. 18-2 at PageID 138.)  Smith refused to waive extradition, and a bond of $250,000 was set to hold him for extradition to Missouri.  (*Id*. at PageID 133, 135.)

Petitioner pleaded guilty to the pending charges in Madison County on February 6, 2023.  (D.E. 18-1 at Page ID 79-81, 88-93.)  He received a total effective sentence of two years to be served in the custody of the Tennessee Department of Correction ("TDOC").  (*See id*. at PageID

---

[1] When Smith originally brought this action, he was confined in Madison County where Julian Wiser serves as sheriff.  (*See* D.E. 1.)  As discussed in more detail in this order, Smith has since been extradited to Missouri, and the Tennessee Attorney General has moved to dismiss Petitioner's requests for habeas relief and for a preliminary injunction because he is no longer in custody in Tennessee.  (*See* D.E. 19-1 at PageID 204.)  The Clerk is therefore DIRECTED to modify the docket to substitute Tennessee Attorney General Jonathan Skrmetti for Respondent Julian Wiser.  *See* 28 U.S.C. § 2242.

88-93.) Prior to Smith's transfer to the TDOC, the Madison County Sheriff's Department notified the Greene County Sheriff's Department of the change in custody and stated that a copy of their detainer would be forwarded to the TDOC. (*Id.* at PageID 84.) The detainer was sent to the TDOC on March 19, 2023. (*Id*. at PageID 82-83, 103.)

On May 3, 2023, while he was still confined in the Madison County Jail, Petitioner filed his *pro se* Writ of Habeas Corpus & Motion for Preliminary Injunction. (D.E. 1.) He challenged his pre-extradition confinement there on a "$250,000 fugitive warrant" and sought a preliminary injunction "to stop Sheriff Wiser from illegally detaining him." (*Id*. at PageID 1-2.)

Smith alleged that he was released from the Bledsoe County Correctional Complex in Pikeville, Tennessee, on April 13, 2023, and was "immediately arrested" on a fugitive from justice warrant out of Greene County, Missouri. (*Id.* at PageID 1.) Petitioner claimed, however, that the fugitive from justice warrant was dismissed on April 14, 2023, and a judge in Bledsoe County had ordered his release. (*Id*.; D.E. 1-2 at PageID 4-5.) Instead of being released, he was taken to the Madison County Jail. (D.E. 1 at PageID 1.) A records officer at the jail allegedly told Petitioner that "he was being held for Missouri and that the Bledsoe Co[unty] Judge's order didn't apply to Madison County." (*Id*.) On June 22, 2023, the inmate notified the Court that he had been transferred to the Greene County Jail in Springfield, Missouri. (D.E. 8 at PageID 23.)

## ANALYSIS

A writ of habeas corpus may be entertained "[o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Before a fugitive in custody is extradited to the demanding state, he may challenge the authority of the asylum state by

3

seeking a federal writ of habeas corpus." *Gee v. Kansas*, 912 F.2d 414, 416 (10th Cir. 1990); *see Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997). The purpose of the writ is "very limited" in this context because it only affects the fugitive's detention in the asylum state. *Barton*, 106 F.3d at 1298. "Once the prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising from conduct in the asylum state." *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir. 1980) (citing *Mahon v. Justice*, 127 U.S. 700, 706-08 (1888)).

As a fugitive from Missouri, Petitioner could challenge his confinement in the Madison County Jail while he remained in the asylum state—i.e., Tennessee. *See Barton*, 106 F.3d at 1298. Once he was extradited to Missouri, however, the writ of habeas corpus was no longer available to challenge his pre-extradition confinement in Tennessee. *See Brown*, 619 F.2d at 763.

Smith's extradition packet shows that formal extradition began on May 11, 2023. (*See* D.E. 18-3 at PageID 154.) On June 8, 2023, the Governor of Tennessee authorized his release into the custody of the Greene County Sheriff's Department in Missouri. (*Id*. at PageID 200.) Petitioner's Madison County jail records include an inmate release form dated June 9, 2023, stating that he was released to Greene County. (D.E. 18-1 at PageID 66.) Smith's change of address notice confirms the transfer of custody to the Greene County Jail in Springfield, Missouri. (D.E. 8 at PageID 24.) As such, Petitioner may no longer seek habeas relief based on his pre-extradition confinement in Tennessee. *See Brown*, 619 F.2d at 763.

Even if the inmate could seek habeas relief based on pre-extradition events that occurred in Tennessee, a district court cannot adjudicate such a petition unless it has personal jurisdiction over the custodian of the prisoner. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 495 (1973).

4

Petitioner's jail records and extradition packet confirm that he is no longer in custody in this district and the Court has no jurisdiction over his custodian at the Greene County Jail in Springfield, Missouri. *See id.*

In addition to habeas relief, Smith seeks a preliminary injunction to stop the Madison County Sheriff from illegally detaining him. (D.E. 1 at PageID 2.) Because Petitioner is no longer in the Madison County Sheriff's custody, there is no injunctive relief that the Court can grant him.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing U.S. Const. art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). Petitioner's extradition to Missouri means that there is no continuing injury related to his pre-extradition confinement in Tennessee that the Court could cure by granting injunctive relief. *See id*. As such, his claims are properly dismissed as moot.

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a 28 U.S.C. § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11 of the Federal Rules Governing Section

2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A COA does not require a showing that the appeal will succeed. *Id.* at 337. Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, the writ of habeas corpus is no longer available to Petitioner as a result of his extradition to Missouri and his motion for injunctive relief is moot for the same reason. Because any appeal by Petitioner would be useless, the Court DENIES a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a COA, the Court also determines that any appeal would not be

taken in good faith.  It is therefore CERTIFIED, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal in forma pauperis is DENIED.[2]

IT IS SO ORDERED this 27th day of December 2023.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order.  *See* Fed. R. App. P. 24(a)(5).