IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01075-JDB-jay |
| | ) | |
| JONATHAN SKRMETTI, in his | ) | |
| official capacity as Attorney General | ) | |
| and Reporter for the State of Tennessee, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DIRECTING CLERK TO FILE PLAINTIFF'S MOTION AS NEW CIVIL CASE

Before the Court is the reply and motion to amend relief filed by Plaintiff, Nathan Smith. (Docket Entry ("D.E.") 22.) The Court previously dismissed this habeas corpus case because Smith is no longer in custody in the Western District of Tennessee. (D.E. 20.) Nevertheless, in his most recent filing, the inmate requests monetary compensation from the Sheriff of Madison County, Tennessee, Julian Wiser, for unlawfully detaining him. (D.E. 22 at PageID 221.) Construing this pro se pleading liberally, it appears that Plaintiff's motion is a complaint against Wiser under 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(a) (defining a claim for relief).

Accordingly, the Clerk is DIRECTED to file Docket Entry 22 as a complaint in a new civil case with Julian Wiser as the defendant. As a prisoner, however, Smith's complaint shall be subject to screening under 28 U.S.C. § 1915A prior to service of process in accordance with Local Rule 4.1(b)(3).

IT IS SO ORDERED this 4th day of January 2024.

                                                               s/ J. DANIEL BREEN
                                                             UNITED STATES DISTRICT JUDGE